---

### MILBOURNE v. ROYAL BENEFIT SOC.

(Supreme Court, Appellate Division, First Department. February 19, 1897.)

REINSURANCE—ULTRA VIRES—ESTOPPEL.

    After an insurance company has assumed the risks of another company, and has accepted premiums from the insured, it is estopped to assert, as against him, that the contract with the other corporation was ultra vires.

Appeal from special term, New York county.

Action by Thomas J. Milbourne against the Royal Benefit Society on a certificate of insurance. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Charles F. Kelley, for appellant.
R. B. Duyckinck, for respondent.

PATTERSON, J. The defendant appeals from an interlocutory judgment overruling a demurrer to the complaint in this action. It appears by that complaint that a certain benefit society named the "Royal Oak Benefit League," incorporated under chapter 368 of the Laws of 1865, issued a certificate of insurance to the plaintiff, dated the 20th of April, 1888, by the terms of which the plaintiff was entitled, at the expiration of seven years from that date, to a sum of $1,000, and in the meantime to certain benefits and privileges in case be became sick or disabled. In June, 1894, the Royal Oak Benefit League entered into an agreement with the defendant, a corporation of the state of New York, incorporated under chapter 690 of the Laws of 1892, whereby the defendant assumed the liabilities and risks of the Royal Oak Benefit League, and agreed to pay such liabilities and risks, together with the benefits accruing thereunder, to the legal certificate holders thereof. Pursuant to that agreement, the Royal Oak Benefit League transferred to the defendant all its

assets and risks. It is alleged in the complaint that, after that was done, and the defendant became substituted as insurer in place of the Royal Oak Benefit League, the plaintiff at all times complied with the conditions of his certificate of membership, duly paying all his assessments to the Royal Benefit Society after the agreement between the two companies became effectual; and that on the 20th of April, 1895, by virtue of the agreement between the plaintiff and the Royal Oak Benefit League, the obligations of which were assumed by the defendant, there became due a sum of $1,000, less the amount which the plaintiff had received for sick benefits during the currency of the certificate. The ground upon which the demurrer was interposed is that the complaint does not state facts sufficient to constitute a cause of action, and the specification of the ground is that it appears upon the face of the complaint, and from provisions of statutes referred to in the complaint, that the contract between the Royal Oak Benefit League and the defendant was an invalid and inoperative one, because it was beyond the power of either of the corporations to make it. What may be the legal effect of the contract of June, 1894, between the two corporations, it is unnecessary for us to consider. The defendant, by the terms of that contract, became substituted as a contracting party with the plaintiff. By taking over the risk the Royal Oak Benefit League had assumed with relation to the plaintiff, it put itself in the position of a contractor with him, and by receiving and accepting from him the premiums or assessments due upon or chargeable against him under the certificate he held, it permitted him to perform all the terms of the contract incumbent upon him, and it received the full benefit of that performance. Under such circumstances the defendant will not be heard to contend that its contract with the other corporation was ultra vires, nor that the plaintiff did not acquire any right as against the defendant to enforce the obligation it assumed. Arms Co. v. Barlow, 63 N. Y. 62; Linkhauf v. Lombard, 137 N. Y. 423, 33 N. E. 472.

The interlocutory judgment appealed from is affirmed, with costs. All concur.