*thews*, 51 N. Y. 124 ; *Sussdorf* v. *Schmidt*, 55 id. 319 ; *Colwell* v. *Tompkins*, 6 App. Div. 93.)

As there must be a new trial of this case, it is proper that we notice some of the rulings of the trial court, in order that the error which we find therein may be corrected, should the question again arise.

Plaintiff was entitled to show all that either he or Burr did in and about inducing Duffy to purchase the property, as well as all conversation relating thereto which either had with the defendant, as it bore directly upon the issue required to be established, that the plaintiff was the procuring cause of the sale. Some of this testimony was excluded, upon the objection that the questions were leading. Perhaps there was some ground for criticism in this respect. But the testimony which the questions sought to elicit was clearly competent ; and in the connection in which the questions were put the leading character, so far as it infringed upon the rule at all, might well have been disregarded, as it is quite apparent that the defendant could not be prejudiced thereby.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concurred, except GOODRICH, P. J., not sitting.

Judgment reversed and new trial granted, costs to abide the event.

---

JOHN D. GERKEN, Appellant, *v.* THE ROYAL BENEFIT SOCIETY, Respondent.

*Mutual benefit associations — by-law giving a right to cancel a certificate — until exercised it does not prevent a recovery thereon.*

A by-law of a mutual benefit association, providing that the association shall have power to call in and cancel a certificate upon certain terms, stated that "Until such power be exercised the certificate shall remain in force."

*Held,* that until the power to call in and cancel the certificate was actually exercised this by-law presented no obstacle to its enforcement.

APPEAL by the plaintiff, John D. Gerken, from a judgment of the Supreme Court in favor of the defendant, entered in the office

of the clerk of the county of Kings on the 6th day of July, 1896, upon the decision of the court rendered after a trial at the Kings County Trial Term before the court without a jury dismissing the complaint upon the merits.

*C. L. Lyon,* for the appellant.

*Charles F. Kelley* and *James C. De La Mare,* for the respondent.

HATCH, J.:

The plaintiff became a member of the Royal Oak Benefit League, a corporation existing under and by virtue of the laws of the State of New York, formed for the purpose of mutual benefit to the members thereof, and also giving thereto material aid. On the 13th day of November, 1888, this corporation issued to the plaintiff a certificate, entitled " Relief Fund Certificate," which constituted a contract between the said corporation and the plaintiff. In substance, this certificate recited that the plaintiff was a member of the corporation and had made application for first-class membership in Brooklyn Council No. 4, Royal Oak Benefit League; that he had passed the requisite medical examination and was duly initiated into said council and that the certificate was issued as a statement of the contract existing between the plaintiff and the Supreme Council Royal Oak Benefit League. It then provided that, in consideration of compliance with all the by-laws, rules and regulations of the said supreme council now existing or hereafter adopted and the condition herein contained, " The Supreme Council Royal Oak Benefit League hereby agrees to pay said companion (plaintiff) one thousand dollars upon satisfactory proof of having held a continuous membership in good standing for seven years, and surrender of this certificate and a full receipt. Subject, however, to the conditions, restrictions and limitations following." These conditions are that the answers to questions made by plaintiff in his application for membership and upon his medical examination are true ; that he shall have paid all the assessments called to the relief fund within the time and manner required by the laws of the supreme council; that all moneys advanced against the certificate for sick or disabled benefits may be deducted with accrued interest; that in case of any false or fraudulent statement or misrepresenta-

tion or violation of the covenants in the certificate the same should be void.    It was admitted that the plaintiff had complied with all of the terms and conditions of the certificate up to and including the full term of seven years; that he had been paid on account thereof, in accordance with the laws of the league, the sum of $200, and no more.    By an agreement executed by and between the Royal Oak Benefit League and the defendant before the commencement of this action, the latter accepted the risks and liabilities of the league, and the league transferred to it all its assets, and the defendant has since said time taken upon itself the management of the business formerly carried on and transacted by the league.    It was held in *Milborne* v. *Royal Benefit Society* (14 App. Div. 406) that by virtue of this contract, and the acts of the defendant thereunder, the latter became liable to the certificate holder in accordance with the terms of the certificate and the laws of the association.    By the terms of the certificate the defendant has become liable to pay to the plaintiff the amount secured to be paid, less the sum of $200, and whatever interest is chargeable thereon, unless there be some law of the corporation which exempts it from payment.    It is claimed, and the decision below proceeded upon that ground, that in fact such law exists, and that plaintiff is debarred by its terms from insisting upon payment in accordance with the terms of his certificate.    The by-law invoked is as follows: " At any time after the expiration of seven years from the issue of a certificate the league shall have and may, in its discretion, exercise the power of calling in and canceling the certificate or contract, by paying to the one to whom and in whose name it was issued its face amount, less what may have been paid thereon as disability benefits,    *    *    *    with interest on the same, in consideration of a general release by such member and holder of all claim or claims thereunder, past, present, future or contingent.    Until such power be exercised the certificate shall remain in force."    The defendant has never exercised any authority under this by-law upon the plaintiff's certificate.    We do not think that this by-law in any wise affects the question of defendant's liability under the certificate.    Its only effect is to authorize the defendant to call in, pay and cancel outstanding certificates.    But it nowhere, in terms or by necessary implication, places any legal obstacle in the way of the certificate holder demanding pay upon his

certificate in accordance with its terms. If such was the intent of the by-law, it has not expressed it. On the contrary, its final expression is: " Until such power be exercised the certificate shall remain in force." But be in force how? As an existing liability against the defendant only? The by-law does not say so. If it remains in force, as it certainly does, without power of the defendant to destroy it, then it remains in force according to its terms — has legal force without limitation, for there are no words of limitation in the by-law. If in force, then its force is in accordance with the legal liability which its terms create. This liability entitles the plaintiff to have and receive from the defendant the sum of $1,000, less the payment, and its legal force is to compel payment of that claim. Under the by-law the defendant might have called it in and canceled it. It has not done so, but left it in force to be enforced according to its terms. These terms entitle the plaintiff to have and receive the amount due thereunder and enable him to maintain an action to enforce it according to its terms.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concurred, except GOODRICH, P. J., not sitting.

Judgment reversed and new trial granted, costs to abide the event.